IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BOBBY J. HIBBS | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-2396-L |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |
| Defendants. | § | |

# FINDINGS AND RECOMMENDATION OF THE
# UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Bobby J. Hibbs, a visually impaired federal prisoner, alleging that he received inadequate medical care and was denied instruction in Braille while incarcerated at FCI Seagoville. On November 23, 2010, plaintiff tendered a civil rights complaint with attachments to the district clerk, and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on December 15, 2010. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff, who is blind in his left eye and has diminished vision in his right eye due to a corneal thinning abnormality, a damaged retina, and glaucoma, contends that he received inadequate medical care at various times during his incarceration at FCI Seagoville. Succinctly stated, plaintiff alleges that Dr. Joseph Capps, a prison doctor, was deliberately indifferent to his medical needs by failing to promptly treat his eye condition and by not timely referring him to a specialist. Plaintiff makes similar allegations against the warden and at least 10 different prison employees. Although his claims and legal theories are difficult to decipher, plaintiff appears to assert a *Bivens* claim for deliberate indifference and a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* By this suit, plaintiff seeks more than $2.5 million in damages and the commutation of his prison sentence.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff's medical care claim under *Bivens* is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that prison officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain[.]" *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the prison medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that

would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff alleges that Dr. Capps and the other defendants knew of his serious eye condition, but failed to provide proper treatment or promptly refer him to an eye specialist. (*See* Plf. Compl., Doc. 1 at Page ID 32-38; Mag. J. Interrog. #1, 5). This allegation was investigated by the warden, Maureen Cruz, after plaintiff filed a grievance on August 9, 2010. In her written response to plaintiff, the warden explained:

> Research into your request reveals that you have been evaluated and treated by multiple healthcare providers at FCI Seagoville. Specialized evaluations and recommendations for treatment have also been provided by an Optometrist and Opthamologist [sic] concerning your eye condition. At those times you were informed of your treatment plan, medical diagnosis, and prognosis. Medications that are prescribed are based on your current medical condition at the time of treatment. Continual monitoring is provided to ensure that you have no adverse reactions to the medication you have been prescribed. You are being provided appropriate medical care for your current medical condition and a request for transfer to a medical facility is not indicated at this time.

(*See* Plf. Compl., Doc. 1 at Page ID 13). Plaintiff does not dispute that he received medical care for his eye condition, which included referral to a specialist. According to the chronology of events provided by plaintiff, he was seen by Dr. Capps or other members of the prison medical staff at least *seven times* between September 25, 2009 and October 29, 2009. (*Id.*, Doc. 1 at Page ID 32-35). When the prescribed treatments were unsuccessful, plaintiff was referred to an ophthalmologist on October 27, 2009. (*Id.*, Doc. 1 at Page ID 34). Plaintiff was examined by the eye specialist on November 10, 2009. (*Id.*, Doc. 1 at Page ID 35). Apparently, plaintiff had no other complaints until he went to the doctor on February 7, 2010, but did not receive his medications until two days later. (*Id.*).

Even liberally construed, these allegations fail to state a claim for deliberate indifference against any of the defendants. At most, plaintiff has shown either a disagreement over the course of his medical treatment, or a brief delay in providing medical care and the referral to an eye specialist. Neither is actionable under *Bivens*. *See, e.g. Fenlon v. Quarterman*, 350 Fed.Appx. 931, 934, 2009 WL 3444778 at *2 (5th Cir. Oct. 26, 2009), *cert. dism'd*, 130 S.Ct. 3418 (2010) (brief delays in receiving medical care do not give rise to claims of constitutional dimension); *Alfred v. Texas Dept. of Criminal Justice*, 80 Fed.Appx. 926, 928, 2003 WL 22682118 at *1 (5th Cir. Nov. 13, 2003) (refusal to allow inmate to see a specialist did not amount to deliberate indifference to serious medical need); *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir.), *cert. denied*, 120 S.Ct. 249 (1999) (failure of prison doctor to follow recommendation of another physician did not constitute deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (unsuccessful medical treatment, negligence, or neglect does not rise to the level of a constitutional violation).[1]

C.

To the extent plaintiff complains that he was denied the opportunity learn Braille, he has failed to state a claim upon which relief can be granted. There is no federal constitutional right to participate in an education or rehabilitative program while incarcerated. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995), *citing Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 279 n.9, 50 L.Ed.2d 236 (1976). This includes instruction on how to read Braille. *See Burnett v. Wilson*, No. 1-06-CV-2621, 2007 WL 437921 at *4 (N.D. Ohio Feb. 7, 2007), *citing Rhodes v. Chapman*, 452 U.S. 337, 347-48, 101 S.Ct. 2392, 2399-400, 69 L.Ed.2d 59 (1981) ("While

---

[1] Even if plaintiff could state a claim for deliberate indifference against one or more members of the prison medical staff, he cannot sue the Department of Justice or the Bureau of Prisons under *Bivens* absent a waiver of sovereign immunity. *See Slaughter v. VA Medical Center Police*, No. 3-07-CV-0416-L, 2008 WL 4951490 at *1 (N.D. Tex. Oct. 30, 2008), *rec. adopted*, 2008 WL 4964778 (N.D. Tex. Nov. 20, 2008), *appeal dism'd*, No. 08-11159 (5th Cir. Sept. 11, 2009), *citing F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994) (holding that *Bivens* action cannot be brought against a federal agency).

educational material or vocational training may be desirable and enhance the prospects for rehabilitation, the deprivation of such opportunities does not inflict 'unnecessary and wanton pain' within the meaning of the Eighth Amendment.").

D.

Finally, plaintiff's claim for negligence under the FTCA is premature and is not brought against the proper party. Under the FTCA, the United States has waived sovereign immunity and has consented to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); *see also Cross v. United States*, 159 Fed.Appx. 572, 575, 2005 WL 3477545 at *2 (5th Cir. Dec. 20, 2005). However:

> An action shall not be instituted upon a claim *against the United States* for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. *The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.*

28 U.S.C. § 2675(a) (emphases added). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Cook v. United States ex rel. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992); *Brewer v. United States*, No. 3-06-CV-1615-BD, 2007 WL 1953474 at *2 (N.D. Tex. Jun. 27, 2007). A claimant may not file suit against the federal government on a tort claim that has not been presented to, and finally denied by, the appropriate federal agency. *See Lee v. Lomboy*, No. 3-98-CV-2304-BD, 2000 WL 140778 at *1 (N.D. Tex. Feb. 7, 2000) (citing cases).

Buried in the more than 150 pages of documents submitted by plaintiff in support of his complaint is a $12.5 million tort claim sent to the Federal Bureau of Prisons on or about July 20, 2010. (*See* Plf. Compl., Doc. 1 at Page ID 30). Plaintiff does not allege, much less offer any evidence, that the BOP has denied his claim. Nor has the claim been pending for more than six months. Moreover, only the United States of America is a proper party to a tort action under the FTCA. *See Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir. 1988). Plaintiff has not named the United States as a defendant in this case. In the event the BOP finally denies plaintiff's tort claim, or fails to act on the claim by January 20, 2011, plaintiff may file another lawsuit against the United States of America in federal district court.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His negligence claim under the FTCA should be dismissed without prejudice for lack of subject matter jurisdiction. All other claims should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE